MILDRED QUIGLEY, PLAINTIFF-APPELLEE, v. PUBLIC SERVICE RAILWAY COMPANY, DEFENDANT-APPELLANT.

JOHN H. QUIGLEY, PLAINTIFF-APPELLEE, v. PUBLIC SERVICE RAILWAY COMPANY, DEFENDANT-APPELLANT.

Submitted February 5, 1925—Decided April 10, 1925.

**Negligence—Injury to Jitney Bus Passenger Through Collision With Trolley Car—Trolley Car and Bus Owner Defendants— Evidence of Negligence of Both Defendants — Judgment Against Trolley Company Only — Exception to Judge's Charge, Only Ground for Review, Not Sustained.**

On appeal from the District Court of the city of East Orange.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellant, *Leonard J. Tynan*.

For the appellee, *George A. Henderson*.

PER CURIAM.

These two cases were tried together in the District Court, and have been argued here together. They were brought by Mildred Quigley and her husband, John H. Quigley, to recover damages on account of injuries received by Mrs. Quigley in a collision between a jitney bus and a trolley car of the Public Service Railway Company. Both the latter and the owner of the bus were made defendants. The jury rendered a verdict in each case against the Public Service Railway Company only, and that company appeals from the judgments rendered thereon.

Mrs. Quigley was a passenger in the bus, and at the trial there was ample evidence of negligence of both the bus driver and the motorman of the trolley car.

The cases come to this court for review on an exception to the judge's charge only. The exception is as follows:

"I also take exception to that portion of the court's charge where you state as a fact that an inference may be drawn from the facts of the case to show negligence either against the Public Service Railway Company or the defendant Cisco, or both, as being a finding of fact by the court, instead of letting the jury pass upon the question of whether an inference of negligence can be drawn from those facts; I think that the inference is for the jury to draw."

Under that exception the appellant seeks to challenge the propriety of several parts of the court's charge, but a critical examination of this exception and the charge shows that the exception does not bring up any erroneous instruction.

It is quite true that there were numerous portions of the charge in which the jury was instructed, in effect, that inference of negligence of either or both of the defendants might be drawn from the evidence, and this was undoubtedly true. Indeed, in the conduct of the trial counsel of both defendants seems to have assumed that the accident was the result of negligence on the part of one or the other of these defendants, and each attempted to fasten the blame on the other. In this situation it certainly was not error for the trial judge to say to the jury that they might find from the

facts of the case negligence in either one or both of the two defendants.

The appellant, however, by virtue of this same exception, seeks to obtain a reversal on the other portions of the charge in which the appellant asserts in its brief there is "the assumption that one or both defendants was liable to the plaintiff, thereby barring from the case the element of pure accident, devoid of negligence on the part of either defendant." But we think the exception not broad enough to raise that question. The exception clearly related to those portions of the charge in which the judge instructed the jury that they might from the facts of the case draw the inference of negligence of one or the other or both defendants. And there is strong reason in this case why the exception taken should not be extended beyond its reasonable bounds. From the opening of counsel of both defendants, and the examination and cross-examination of witnesses, it is quite clear that recognition of negligence somewhere pervaded the trial. There was no request to charge. There was no claim by either defendant that the accident was an unavoidable one, or one for which neither party would be responsible. Counsel for the Public Service Railway Company in his opening said: "And it is for you, gentlemen, to say who was negligent in the case." And counsel for the bus owner presented to the jury the question in this language: "Who was negligent; who caused this collision?" Both openings assumed that there was negligence. It certainly could not have been the plaintiff, who was sitting quietly in the bus; therefore, it must have been intended as an assertion that one or the other operator was negligent. If the court, following the lead of counsel in portions of the charge, rather assumed the same fact, it was, at least, excusable, and an exception, based upon the theory of an erroneous charge in that respect, would have to be sufficiently clear and explicit to cover the objectionable parts of the charge to be availed of in this appeal.

The judgment will be affirmed, with costs.